**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **KEVIN TRACY WISEMAN,** |
| **Plaintiff,** |
| **v.** |
| **UNITED STATES OF AMERICA,** |
| **Defendant.** |

**Civil Action 10-01340  (HHK)**

**MEMORANDUM OPINION**

Kevin Tracy Wiseman brings this action against the United States, seeking the vacatur of a 2007 criminal judgment pursuant to which he is currently incarcerated. *See United States v. Wiseman*, Crim. No. 06-00007 (E.D. Tex. Mar. 1, 2007) (judgment). Wiseman contends that the Court that sentenced him lacked subject-matter jurisdiction to do so. This Court, however, lacks subject-matter jurisdiction to hear this case; therefore, it will be dismissed.

A federal prisoner who, like Wiseman, "claim[s] the right to be released upon the ground that . . . the court was without jurisdiction to impose [his] sentence" can obtain relief only through a motion filed with the sentencing court pursuant to 28 U.S.C. § 2255. *See id.*; *Hughley v. Dewalt*, 2004 WL 1749188, at *1 (D.C. Cir. Aug. 4, 2004) (per curiam); *Nailor v. United States*, 2004 WL 1078133, *1 (D.C. Cir. May 13, 2004) (per curiam). That is true even where the prisoner's suit is, like this one, styled as an "independent action" brought under Federal Rule of Civil Procedure 60(b)(4). *See Joseph v. United States*, 2008 WL 3978061, at *1 (D.D.C. Aug. 27, 2008). Because Wiseman challenges the validity of his sentence, and provides no basis for finding that his remedy under § 2255 is "inadequate or ineffective," *see* 28 U.S.C. § 2255(e), the

Court lacks jurisdiction to hear his case, and must dismiss it. *See Joseph*, 2008 WL 3978061, at *1; *Espino-Rangel v. United States*, 2008 WL 1844150, at *1 (D.D.C. Apr. 22, 2008). An appropriate order accompanies this memorandum opinion.


Henry H. Kennedy, Jr.
United States District Judge